**Reinaldo RIVERA, Plaintiff–Appellant,**

v.

**BOARD OF TRUSTEES, BUILDING SERVICE 32B–J PENSION FUND, Defendant–Appellee.**

No. 03–7847.

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

Michael Yoeli, Yoeli & Gottlieb LLP, New York, NY, for Appellant.

Ira A. Sturm, Raab, Sturm & Goldman, LLP, New York, NY, for Appellees.

PRESENT: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

SUMMARY ORDER

Plaintiff-appellant Reinaldo Rivera ("Rivera") appeals from the judgment of the United States District Court for the Southern District of New York (Sweet, J.), denying his motion for summary judgment and granting defendant Board of Trustees's ("the Board") motion for summary judgment.

Rivera, a manual laborer and member of a union pension fund ("the Fund"), suffered an injury while on the job and subsequently sought disability pension benefits under a pension plan ("the Plan") administered by the Fund's Board of Trustees ("the Board"). [Id.] In a letter dated August 7, 2000, the Board, upon reviewing the evaluation of Rivera's treating physician and an independent physician, determined that Rivera was ineligible for a disability pension. Rivera appealed the Board's decision on September 14, 2001; however, the Board denied the appeal. Rivera then filed suit in the district court. The district court denied Rivera's motion for summary judgment, and granted the Board's motion for summary judgment, holding that there was ample evidence to support the Board's conclusion that, under

the Plan's definition of "disability," Rivera was ineligible for a disability pension.

Rivera contends that in denying him disability benefits, the Board failed to employ the standard dictated by the Plan. Under the Plan, disability turns on inability "to engage in any further employment or gainful pursuit." The Board's letter denying Rivera's appeal, after correctly stating this standard, went on to explain the denial by stating that Rivera's condition "is not so sever as to *limit all activity*" (emphasis added). Rivera maintains that this shows that the denial was based on use of an incorrect standard.

The district court disagreed and concluded that the non-conforming language of the letter was merely a problem of careless diction and did not reflect the Board's use of an unauthorized standard. We agree. We note that the memorandum of Fund's Medical Director, recommending denial of Rivera's claim, explained, that on the basis of medical opinion to the effect that Rivera "may return to work," Rivera "is not totally disabled *for gainful employment.*" Furthermore, the Board's letter of denial expressly (and correctly) stated that the standard for judging disability was inability "to engage in any further employment or gainful pursuit." We believe the district court was well warranted in concluding that the Board did not employ an unauthorized standard in this case.

Furthermore, there was substantial evidence to support the Board's conclusion, including an examining physician's conclusion that Rivera was fit to "return to work."

For the foregoing reasons, the judgment of the district court is AFFIRMED.